LAW OFFICES

# BOYNTON WALDRON DOLEAC
# WOODMAN & SCOTT, P.A.

CHARLES B. DOLEAC*†
RALPH R. WOODMAN, JR.
WILLIAM G. SCOTT
FRANCIS X. QUINN, JR.*
CHRISTOPHER E. GRANT*†
CHRISTINE WOODMAN CASA*
PHILIP L. PETTIS
HEATHER DUNION NEVILLE*
K. JOSHUA SCOTT
SUSAN AILEEN LOWRY

P.O. BOX 418 • 82 COURT STREET
PORTSMOUTH, NEW HAMPSHIRE 03802-0418
TELEPHONE (603) 436-4010
FAX (603) 431-9973
www.boyntonwaldron.com

JEREMY R. WALDRON
RETIRED

WYMAN P. BOYNTON
(1908 – 1997)

*ALSO MEMBER OF MAINE BAR
†ALSO MEMBER OF MASSACHUSETTS BAR

February 3, 2012

FEB 2 9 2012

Julie W. Howard, Clerk
Strafford County Superior Court
279 County Farm Road
Dover, New Hampshire 03820

Re:   <u>Felicia Wachowiak and Mark Wachowiak v. School Administrative Unit #61</u>
       Docket No.: 219-2011-CV-00642

Dear Clerk Howard:

Enclosed please find the following documents for filing in the above-captioned matter:

1.   My Special Appearance on behalf of School Administrative Unit #61;
2.   Defendant's Notice to Clerk of Superior Court of Filing of Notice of Removal;
3.   Copy of my USDC Appearance and Civil Cover Sheet;
4.   Copy of Notice of Removal to United States District Court; and
5.   Copy of Notice to Plaintiff of Filing of Notice of Removal.

Copies of the above-listed documents have been forwarded this day to opposing counsel and the Clerk of the United States District Court.

Please provide me with a certified copy of the file in the above-captioned matter so that we may electronically file it with USDC. Enclosed is a check in the amount of $12.00 for the certified fee, $5.00 for the first page, certified, and copies of the rest of the record.

Sincerely,

William G. Scott

WGS/ndt
enclosure
cc: w/encl.    Clerk, United States District Court
               Daniel J. Harkinson, Esq.

*Copies Completed*
*5/27/12 - kpc*

STRAFFORD SUPERIOR COURT
# CASE SUMMARY
## CASE NO. 219-2011-CV-00642

| Felicia Wachowiak, et al v School Adminstrative Unit #61 | § § § § | Location: **Strafford Superior Court**<br>Filed on: **12/29/2011** |
|---|---|---|

---

### CASE INFORMATION

Case Type: **Tort-Other**

Case Status: **02/06/2012 Closed**

Case Flags: **PAD Case**

---

### PARTY INFORMATION

| | | *Attorneys* |
|---|---|---|
| **Plaintiff** | **Wachowiak, Felicia** | **Harkinson, Daniel J., ESQ**<br>*Retained*<br>603-822-0239(W) |
| | **Wachowiak, Mark** | **Harkinson, Daniel J., ESQ**<br>*Retained*<br>603-822-0239(W) |
| **Defendant** | **School Adminstrative Unit #61** | **Scott, William G., ESQ**<br>*Retained*<br>603-436-4010(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 12/29/2011 | PAD Case | |
| 12/29/2011 | Complaint (PAD)<br>Filed by: Plaintiff Wachowiak, Mark; Plaintiff Wachowiak, Felicia | *Index #1* |
| 12/30/2011 | Orders of Notice on Complaint | *Index #2* |
| 12/30/2011 | **Service**<br>School Adminstrative Unit #61     served 01/10/2012 | |
| 01/13/2012 | Acceptance of Service<br>Filed by: Defendant School Adminstrative Unit #61<br>*William G. Scott, Esq for def* | *Index #3* |
| 02/06/2012 | Special Appearance<br>Filed by: Attorney Scott, William G., ESQ<br>*William G. Scott, Esq for def* | *Index #4* |
| 02/06/2012 | Notice-Removal to Federal Dist Ct<br>Filed by: Defendant School Adminstrative Unit #61 | *Index #5* |
| 02/06/2012 | **Removed to Federal District Court** | |

---

| TARGET DATE | TIME STANDARDS |
|---|---|

A TRUE COPY, ATTEST:

*Jane M Howard*

STRAFFORD SUPERIOR COURT CLERK
DATE: 2/27/12 - kpc

# DANIEL J. HARKINSON
### LAW OFFICE PLLC

89 CHARLES STREET
P.O. BOX 67
ROCHESTER, NH 03866-0067

TELEPHONE: (603) 822-0239
FAX: (603) 332-3365
E-MAIL: danharkinson@metrocast.net

January 12, 2012

Julie Howard, Clerk
Strafford County Superior Court
259 County Farm Road, Suite 301
Dover, NH  03820

**Re:**   **Felicia Wachowiak and Mark Wachowiak v. School Administrative Unit #61**
         **Case No. 219-2011-CV-00642**

Dear Clerk Howard:

Enclosed please find Return of Service (Acceptance of Service signed by Attorney William Scott on behalf of School Administrative Unit #61) for filing relative to the above-referenced matter.

Sincerely,

Daniel J. Harkinson

DJH/jmc
Enclosures
cc:   Felicia Wachowiak
      Mark Wachowiak

# DANIEL J. HARKINSON
## LAW OFFICE PLLC

89 CHARLES STREET
P.O. BOX 67
ROCHESTER, NH 03866-0067

TELEPHONE: (603) 822-0239
FAX: (603) 332-3365
E-MAIL: danharkinson@metrocast.net

December 28, 2011

Julie Howard, Clerk
Strafford County Superior Court
259 County Farm Road
P.O. Box 799
Dover, NH  03820

**Re:**   **Felicia Wachowiak and Mark Wachowiak v. School Administrative Unit #61**

Dear Clerk Howard:

Enclosed please find one (1) original and two (2) copies of a Complaint relative to the above-referenced matter for filing, together with the requisite filing fee in the amount of $205.00. Please add Orders of Notice and return same to me so that service can be made upon the Defendant.

Thank you for your assistance in this matter.

Sincerely,

Daniel J. Harkinson

DJH/jmc
Enclosures
cc:   Felicia Wachowiak
       Mark Wachowiak

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * ** * * * * * * *  *
                                      *
Felicia Wachowiak and                 *
Mark Wachowiak,                       *
                                      *
            Plaintiffs                *    CIVIL ACTION NO. _____
                                      *
v.                                    *
                                      *    REMOVED FROM THE SUPERIOR
School Administrative Unit #61,       *    COURT OF NEW HAMPSHIRE
                                      *
            Defendant                 *    STRAFFORD COUNTY,
                                      *
                                      *    State Docket No.219-2011-CV-00642
* * * * * * * * ** * * * * * * * *
```

<u>NOTICE TO CLERK OF SUPERIOR COURT</u>
<u>OF FILING OF NOTICE OF REMOVAL</u>

TO:   Julie W. Howard, Clerk
      New Hampshire Superior Court
      Strafford County
      279 County Farm Road
      Dover, New Hampshire 03820

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, the

Defendant, School Administrative Unit #61, has this date filed a Notice of Removal of the

above-entitled action, with the office of the Clerk of the United States District Court for the

District of New Hampshire at Concord, New Hampshire. A copy of said Notice of Removal

is submitted herewith.

Pursuant to 28 U.S.C. §1446(d), the Superior Court may proceed no further herein

unless and until the case is remanded.

A TRUE COPY, ATTEST:

_Julie W. Howard_

STRAFFORD SUPERIOR COURT CLERK
DATE: _2/27/12 - kpc_

5

Respectfully submitted,

SCHOOL ADMINISTRATIVE UNIT #61

By its attorneys,
BOYNTON, WALDRON, DOLEAC,
WOODMAN & SCOTT, P.A.

By: _____
        William G. Scott, #2287
        82 Court Street, PO Box 418
        Portsmouth, NH 03802-0418
        (603) 436-4010


## CERTIFICATE OF SERVICE AND FILING

    I, William G. Scott, do hereby certify that I have, on this 3rd day of February 2012, caused a copy of this document to be served upon plaintiffs' counsel Daniel J. Harkinson, by US Mail, postage prepaid, and that I have also filed a copy of this document with the Clerk of the United States District Court, by US Mail, postage prepaid, and that I have filed this Notice with the Clerk of the Strafford County Superior Court.

                    _____
                    William G. Scott

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \*    \*
                                          \*
Felicia Wachowiak and                     \*
Mark Wachowiak,                           \*
                                          \*
             Plaintiffs                   \*        CIVIL ACTION NO. _____
                                          \*
v.                                        \*
                                          \*        REMOVED FROM THE SUPERIOR
School Administrative Unit #61,           \*        COURT OF NEW HAMPSHIRE
                                          \*
             Defendant                    \*        STRAFFORD COUNTY,
                                          \*
                                          \*        State Docket No.219-2011-CV-00642
\* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \*

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

NOW COME the Defendant in this action, School Administrative Unit #61, by and

through its attorneys, Boynton, Waldron, Doleac, Woodman & Scott, P.A., and pursuant to

28 U.S.C. §§1441 and 1446, removes this action to the United States District Court for the

District of New Hampshire. As grounds therefor, the Defendant states as follows:

1.      This is a civil rights action which the Plaintiffs commenced against the

Defendant in the Strafford County Superior Court, alleging violations of the federal statutes

and federal constitutional violations with other pendant and ancillary state law claims subject

to this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2.      The Defendant was served with the Writ of Summons on or about January 10,

2012, and the Writ of Summons was filed in the Strafford County Superior Court, on or

before December 30, 2011 and has been issued docket number 219-2011-CV-00642. A copy

of the Writ of Summons is attached hereto as "Exhibit A." The Defendant thereafter filed

a timely, Special Appearance in Strafford County Superior Court along with the Notice of Filing Notice of Removal and a copy of this Notice of Removal.

3.     This is an action over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331, because the Plaintiff's claims under 42 U.S.C. arises under federal law.  In addition, the Court has supplemental jurisdiction over the Plaintiffs' pendant and ancillary state law claims pursuant to 28 U.S.C. §1367.  For these reasons, this action may be removed to this Court pursuant to 28 U.S.C. §§1441 and 1446.

4.     Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is being filed within thirty (30) days after receipt of the Writ of Summons by Defendant School Administrative Unit #61.

WHEREFORE, the Defendant respectfully requests that the Court allow the removal of this action from the Strafford County Superior Court to this Court, and for such other relief as justice may require or as may be necessary.

<div style="margin-left: 40%;">

Respectfully submitted,
SCHOOL ADMINISTRATIVE UNIT #61
By its attorneys,
BOYNTON, WALDRON, DOLEAC,
WOODMAN & SCOTT, P.A.

By: _/s/ William G. Scott_____
    William G. Scott, #2287
    82 Court Street, PO Box 418
    Portsmouth, NH 03802-0418
    (603) 436-4010

</div>

2

CERTIFICATE OF SERVICE AND FILING

I, William G. Scott, do hereby certify that I have, on this 3rd day of February, 2012, caused a copy of this document to be served upon the plaintiffs' counsel, Daniel J. Harkinson, by US Mail, postage prepaid, and that I have also filed a copy of this document with the Strafford County Superior Court, by US Mail, postage prepaid.


/s/ William G. Scott
William G. Scott

THE STATE OF NEW HAMPSHIRE
JUDICIAL BRANCH

SUPERIOR COURT                                      STRAFFORD COUNTY

FELICIA WACHOWIAK AND MARK WACHOWIAK
v.
SCHOOL ADMINISTRATIVE UNIT #61

# COMPLAINT

## PARTIES

1.  Plaintiff Mark Wachowiak is the father of Plaintiff Felicia Wachowiak.

2.  Plaintiff Felicia Wachowiak is now an adult, with a date of birth of 18 October 1993.

3.  Both Plaintiffs reside in Milton, New Hampshire.

4.  School Administrative Unit 61 (SAU 61) is the School Administrative Unit organized pursuant to N.H. RSA 194-C, serving the towns of Farmington, New Hampshire and Middleton, New Hampshire.

## BACKGROUND

5.  Plaintiff Mark Wachowiak was divorced in 1998 from Julie A. Wachowiak (now Hampson, and hereinafter referred to as Julie Hampson), mother of Felicia Wachowiak.

6.  On 7 August 1998 the Strafford County Superior Court issued a Final Decree of Divorce, under which said Julie Hampson had physical custody of Plaintiff Felicia Wachowiak.

7.  As of the beginning of school year 2009-2010 Julie Hampson lived in Middleton, New Hampshire.

8.  Public high school students living in Middleton attend Farmington High School.

9.  Plaintiff Felicia Wachowiak was a student enrolled at SAU 61's Farmington High School for school year 2009-2010. Said enrollment continued into school year 2010-2011.

10. Plaintiff Mark Wachowiak has lived in Milton, New Hampshire at all times relevant to this action.

11. Given Plaintiff Felcia Wachowiak's age, her parents agreed in 2009 that she would be allowed to decide in which parent's home she would sleep on any particular night.

12. Although the 1998 Divorce Decree calling for Julie Hampson to have physical custody of Plaintiff Felicia Wachowiak remained in full force and effect as of the start of the 2010-

2011 school year, Plaintiffs informed Farmington High School at the beginning of that school year that Plaintiff Felicia Wachowiak's permanent address was with Plaintiff Mark Wachowiak at 204 St. James Avenue, in Milton, New Hampshire.

13.   Plaintiff Felicia Wachowiak was a member of Farmington High School's 2010 Varsity Volleyball Team.  Plaintiffs recall that when she began participating in that activity, the permission slip submitted by Plaintiff Mark Wachowiak again listed his Milton home address as Plaintiff Felicia Wachowiak's residential address.

14.   Plaintiff Felicia Wachowiak participated in the volleyball team's regular season schedule, and was an outstanding member of that team.

15.   The Farmington volleyball team qualified for the New Hampshire Interscholastic Athletic Association (NHIAA) volleyball tournament, and was scheduled for their first tournament match on 28 October 2011.

16.   Approximately four hours before the 28 October 2011 volleyball match was scheduled to start, Farmington High School Principal James O'Rourke informed Plaintiff Felicia Wachowiak that because of her "living arrangements" she was ineligible to play on the volleyball team.

17.   As of 28 October 2010 Julie Hampson remained a resident of Middleton, New Hampshire, and had not established a residence elsewhere.

18.   Given the facts stated above, as of 28 October 2010 Plaintiff Felicia Wachowiak remained eligible to attend school at Farmington High School, in SAU 61, pursuant to N.H. RSA 193:12II(a)(2).

19.   Because of the actions of Principal O'Rourke and other agents and employees of SAU 61, each acting in his capacity as an official or employee of the SAU, Plaintiff Felicia Wachowiak was deprived of the opportunity to play in the 2010 NHIAA volleyball tournament.

20.   Farmington High School volleyball coach Jenn Kuehl publicly stated and informed a reporter for *Foster's Daily Democrat that*  Plaintiff Felicia Wachowiak "wasn't allowed to play [in the playoff game] because of a school issue," a statement reported in said newspaper on 29 October 2010.

21.   Effective 1 November 2010 Plaintiff Mark Wachowiak, with the consent of Julie Hampson, arranged for a transfer of school enrollment for Felicia Wachowiak to Nute High School, the public high school in Milton, New Hampshire.

FELICIA WACHOWIAK, AND MARK WACHOWIAK V. SCHOOL ADMINISTRATIVE UNIT #61
COMPLAINT, P. 3

22.    Plaintiff Felicia Wachowiak then attempted to join the Nute High School Girls Basketball
       team.  She was initially unable to do so because of actions of and allegations by both
       officials of SAU 61 and the NHIAA.

23.    Plaintiff Mark Wachowiak then spent extensive time, as a father, contacting the officials
       of Nute High School, SAU 61, Farmington High School, and the NHIAA, attempting to
       have the appropriate officials agree that his daughter was eligible to play for the Nute
       High School Girls Basketball team in school year 2010-2011.

24.    When his personal efforts proved unsuccessful, Plaintiff Mark Wachowiak retained
       counsel, and filed suit against the NHIAA to obtain a court order allowing his daughter to
       play basketball for Nute High School in school year 2010-2011.  Those efforts ultimately
       resulted in the NHIAA agreeing to Plaintiff Felicia Wachowiak's eligibility for the 2010-
       2011 basketball season as a member of the Nute High School team.

CAUSE OF ACTION:  WRONGFUL DENIAL OF OPPORTUNITY
TO PLAY INTERSCHOLASTIC SPORTS

25.    The agents and employees of SAU 61incorrectly determined as of 28 October 2010 that
       Plaintiff Felicia Wachowiak was ineligible to attend school at Farmington High School,
       and therefore ineligible to play on its volleyball team, and prevented her from continuing
       to play on that team.

26.    Agents and employees of SAU 61unreasonably and unlawfully failed to cooperate with
       efforts by Plaintiff Felicia Wachowiak to play basketball for Nute High School in 2010-
       2011, until forced to do so through litigation..

27.    As a result of said conduct by the agents and employees of SAU 61, Plaintiff Felicia
       Wachowiak was wrongly denied the opportunity to play in the 2010 NHIAA Volleyball
       tournament, and was wrongfully deprived the opportunity to play basketball during the
       first portion of the 2010-2011 season.

28.    Plaintiff Felicia Wachowiak has irreparably and permanently lost such opportunities, and
       has endured great mental pain and suffering, and public humiliation, as a result of the
       said conduct of the agents and employees of SAU 61.

29.    ALL TO PLAINTIFF FELICIA WACHOWIAK'S damage in an amount within the
       jurisdictional limits of this court.

FELICIA WACHOWIAK, AND MARK WACHOWIAK V. SCHOOL ADMINISTRATIVE UNIT #61
COMPLAINT, P. 4

## CAUSE OF ACTION: INVASION OF PRIVACY-FALSE LIGHT

30.   The agents and employees of SAU 61 incorrectly determined as of 28 October 2010 that Plaintiff Felicia Wachowiak was ineligible to attend school at Farmington High School, and therefore ineligible to play on its volleyball team.

31.   The agents and employees of SAU 61 incorrectly informed the public that Plaintiff Felicia Wachowiak had been suspended from Farmington High School's volleyball team because of a "school issue," when in fact her suspension was because of errors by SAU 61 agents and employees.

32.   Said conduct by the agents and employees of SAU 61 wrongly placed Plaintiff Felicia Wachowiak in a false light in the public eye.

33.   Plaintiff Felicia Wachowiak has endured great mental pain and suffering, and public humiliation, as a result of the said conduct of the agents and employees of SAU 61.

ALL TO PLAINTIFF FELICIA WACHOWIAK'S damage in an amount within the jurisdictional limits of this court.

## CAUSE OF ACTION: DEFAMATION

34.   The agents and employees of SAU 61 incorrectly determined as of 28 October 2010 that Plaintiff Felicia Wachowiak was ineligible to attend school at Farmington High School, and therefore ineligible to play on its volleyball team.

35.   The agents and employees of SAU 61 incorrectly informed the public that Plaintiff Felicia Wachowiak had been suspended from Farmington High School's volleyball team because of a "school issue," when in fact her suspension was because of errors by SAU 61 agents and employees.

36.   Said conduct by the agents and employees of SAU 61 wrongly damaged the reputation of Plaintiff Felicia Wachowiak.

37.   Plaintiff Felicia Wachowiak has endured great mental pain and suffering, and public humiliation, as a result of the said conduct of the agents and employees of SAU 61.

ALL TO PLAINTIFF FELICIA WACHOWIAK'S damage in an amount within the jurisdictional limits of this court.

FELICIA WACHOWIAK, AND MARK WACHOWIAK V. SCHOOL ADMINISTRATIVE UNIT #61
COMPLAINT, P. 5

CAUSE OF ACTION:  RECOVERY OF LEGAL FEES

38.   On 28 October 2010 agents and employees of SAU 61 incorrectly concluded that Plaintiff Felicia Wachowiak was ineligible to play volleyball for Farmington High School.

39.   Agents and employees of SAU 61 unreasonably and unlawfully failed to cooperate with efforts by Plaintiff Felicia Wachowiak to play basketball for Nute High School in 2010-2011, until forced to do so through litigation.

40.   The conduct by agents and employees of SAU 61 alleged in paragraphs 37 and 38 was all within their official capacities as agents and employees.

41.   The conduct by agents and employees of SAU 61 alleged in paragraphs 37 and 38 was unreasonable, vexatious, oppressive, and in bad faith.

42.   Plaintiff Felicia Wachowiak had a property and or liberty interest to play interscholastic sports, secured by both the United States Constitution, Amendment 14, and the New Hampshire Constitution, Part 1, Article 14 and Article 15, and was entitled to due process of law before deprivation of those interests.

43.   SAU 61, through its agents and employees, afforded Plaintiff Felicia Wachowiak no process in summarily declaring her ineligible to play volleyball on 28 October 2011, and in refusing to cooperate with her efforts to play basketball for Nute High School.

44.   At the time of all events described above Felicia Wachowiak was a minor, and Plaintiff Mark Wachowiak as her father attempted to assist her in establishing her rights by both personally speaking with agents and employees of SAU 61 and by retaining counsel to represent her to establish her rights.

45.   Plaintiff Mark Wachowiak has lost substantial income and incurred substantial legal expenses to obtain injunctive relief against the NHIAA, thereby securing Plaintiff Felicia Wachowiak's right to play basketball for Nute High School for a portion of the 2010-2011 season, including legal fees and expenses associated with this action.

46.   "Where an individual is forced to seek judicial assistance to secure a clearly defined and established right, which should have been freely enjoyed without such intervention, an award of counsel fees on the basis of bad faith is appropriate. This principle ... merely shifts the cost of what should have been an unnecessary judicial proceeding to the responsible party...." *Harkeem v. Adams*, 117 N.H. 687, 691 (1977).


ALL TO PLAINTIFF MARK WACHOWIAK'S DAMAGE in an amount within the jurisdictional limits of the Court.

FELICIA WACHOWIAK, AND MARK WACHOWIAK V. SCHOOL ADMINISTRATIVE UNIT #61
COMPLAINT, P. 6

_(signature)_
Felicia Wachowiak, Plaintiff

_(signature)_
Mark Wachowiak, Plaintiff

STATE OF NEW HAMPSHIRE

STRAFFORD COUNTY

 Appeared before me, the undersigned office, the above-named Felicia Wachowiak and Mark Wachowiak, each of whom took oath that the facts alleged above are true to the best of her or his knowledge and belief.

_(signature)_
Justice of the Peace/Notary Public

_(signature)_
Attorney Daniel J. Harkinson
NH Bar ID# 1095
PO Box 67
Rochester, NH  03866-0067
603-822-0239
PLAINTIFFS' COUNSEL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                    \*
                                    \*
Felicia Wachowiak and               \*
Mark Wachowiak,                     \*
                                    \*
              PlaintiffS            \*          CIVIL ACTION NO. _____
                                    \*
v.                                  \*
                                    \*          REMOVED FROM THE SUPERIOR
School Administrative Unit #61,     \*          COURT OF NEW HAMPSHIRE
                                    \*
              Defendant             \*          STRAFFORD COUNTY,
                                    \*
                                    \*          State Docket No.219-2011-CV-00642
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

NOTICE TO CLERK OF SUPERIOR COURT
OF FILING OF NOTICE OF REMOVAL

TO:    Julie W. Howard, Clerk
       New Hampshire Superior Court
       Strafford County
       279 County Farm Road
       Dover, New Hampshire 03820

       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, the

Defendant, School Administrative Unit #61, has this date filed a Notice of Removal of the

above-entitled action, with the office of the Clerk of the United States District Court for the

District of New Hampshire at Concord, New Hampshire. A copy of said Notice of Removal

is submitted herewith.

       Pursuant to 28 U.S.C. §1446(d), the Superior Court may proceed no further herein

unless and until the case is remanded.

Respectfully submitted,

SCHOOL ADMINISTRATIVE UNIT #61

By its attorneys,
BOYNTON, WALDRON, DOLEAC,
WOODMAN & SCOTT, P.A.

By: _____
         William G. Scott, #2287
         82 Court Street, PO Box 418
         Portsmouth, NH 03802-0418
         (603) 436-4010


## CERTIFICATE OF SERVICE AND FILING

I, William G. Scott, do hereby certify that I have, on this 3rd day of February 2012, caused a copy of this document to be served upon plaintiffs' counsel Daniel J. Harkinson, by US Mail, postage prepaid, and that I have also filed a copy of this document with the Clerk of the United States District Court, by US Mail, postage prepaid, and that I have filed this Notice with the Clerk of the Strafford County Superior Court.

_____
William G. Scott

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * * * * * * *
                                  *
Felicia Wachowiak and             *
Mark Wachowiak,                   *
                                  *
            PlaintiffS            *      CIVIL ACTION NO. _____
                                  *
v.                                *
                                  *      REMOVED FROM THE SUPERIOR
School Administrative Unit #61,   *      COURT OF NEW HAMPSHIRE
                                  *
            Defendant             *      STRAFFORD COUNTY,
                                  *
                                  *      State Docket No.219-2011-CV-00642
* * * * * * * * * * * * * * * * * * *
```

<u>NOTICE TO PLAINTIFF</u>
<u>OF FILING OF NOTICE OF REMOVAL</u>

TO:   Felicia Wachowiak and
      Mark Wachowiak
      204 St. James Avenue
      Milton, NH

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, the

Defendant, School Administrative Unit #61, has this date filed a Notice of Removal of the

above-entitled action, with the office of the Clerk of the United States District Court for the

District of New Hampshire at Concord, New Hampshire.  A copy of said Notice of Removal

is submitted herewith.

Pursuant to 28 U.S.C. §1446(d), the Superior Court may proceed no further herein

unless and until the case is remanded.

Respectfully submitted,
SCHOOL ADMINISTRATIVE UNIT #61
By its attorneys,
BOYNTON, WALDRON, DOLEAC,
WOODMAN & SCOTT, P.A.

By: _____
        William G. Scott, #2287
        82 Court Street, PO Box 418
        Portsmouth, NH 03802-0418
        (603) 436-4010


## CERTIFICATE OF SERVICE AND FILING

I, William G. Scott, do hereby certify that I have, on this 3rd day of February 2012, caused a copy of this document to be served upon plaintiffs' counsel Daniel J. Harkinson, by US Mail, postage prepaid, and that I have also filed a copy of this document with the Clerk of the United States District Court, by US Mail, postage prepaid, and that I have filed this Notice with the Clerk of the Strafford County Superior Court.

_____
William G. Scott

2

# CIVIL COVER SHEET

**JS 44** (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Wachowiak, Felicia
Wachowiak, Mark

## DEFENDANTS
School Administrative Unit #61

**(b)** County of Residence of First Listed Plaintiff **Strafford**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Strafford**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Daniel G. Harkinson, Esq.
PO Box 67
Rochester, NH 03866

Attorneys (If Known)
William G. Scott, Esq.
82 Court Street
Portsmouth, NH 03801

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Plaintiff alleging violations of the federal statutes and federal constitutional violations.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 458 (Rev. 06/09) Appearance of Counsel

# UNITED STATES DISTRICT COURT

for the

District of New Hampshire

| | | |
|---|---|---|
| Felicia Wachowiak and Mark Wachowiak | ) | |
| *Plaintiff* | ) | |
| v. | ) | Case No. |
| School Admininstrative Unit #61 | ) | |
| *Defendant* | ) | |

## APPEARANCE OF COUNSEL

To:     The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

School Administrative Unit #61 .

Date:      02/03/2012

/s/ William G. Scott
*Attorney's signature*

William G. Scott (Bar #2287)
*Printed name and bar number*

Boynton Waldron Doleac Woodman & Scott, PA
82 Court Street, Portsmouth, NH 03801

*Address*

wscott@nhlawfirm.com
*E-mail address*

(603) 436-4010
*Telephone number*

(603) 431-9973
*FAX number*

CERTIFICATE OF SERVICE

I hereby certify that this Appearance was served on the following persons on this date and in the manner specified herein:

Electronically Served Through ECF:

Conventionally Served:

Daniel J. Harkinson, Esquire
89 Charles Street, P.O. Box 67
Rochester, NH 03866-0067

| 02/03/2012 | | /s/ William G. Scott |
|---|---|---|
| Date | | Signature |

# The State Of New Hampshire

County of Strafford

Superior Court
Court Case No. 219-11-CV-642

## SPECIAL APPEARANCE/WITHDRAWAL

X   Jury

Felicia Wachowiak and
Mark Wachoviak
204 St. James Avenue
Milton, NH

v.

School Administrative Unit #61
60 Charles Street
Farmington, NH

SPECIAL APPEARANCE               WITHDRAWAL

Please enter my appearance as counsel for:      Please withdraw my appearance as

School Administrative Unit #61

Notice of withdrawal sent to
clients on _____
at the following address:

I hereby certify that duplicates were:    delivered

                                   x    mailed to:

Daniel J. Harkinson, Esq.

on      February 3, 2012
                          Date

Signed _____
William G. Scott (Bar # 2287)
              Print or type name

**Boynton, Waldron, Doleac, Woodman & Scott**

Address    82 Court Street, P.O. Box 418

Portsmouth, New Hampshire  03802-0418

Telephone 603-436-4010

A TRUE COPY, ATTEST:

*[signature]*

STRAFFORD SUPERIOR COURT CLERK
DATE: 2/27/12 - kpc

4

THE STATE OF NEW HAMPSHIRE

STRAFFORD, SS.                                              SUPERIOR COURT

219-2011-CV-00642

FELICIA WACHOWIAK, ET AL

v.

SCHOOL ADMINISTRATIVE UNIT #61

## **ACCEPTANCE OF SERVICE**

I, Attorney William G. Scott, counsel for School Administrative Unit #61, hereby
accept service of the Order of Notice on Complaint in 219-2011-CV-00642, *Felicia
Wachowiak, et al v. School Administrative Unit #61*, and hereby waive all of the
formalities of service.

                                   **SCHOOL ADMINISTRATIVE UNIT #61**
                                   By and through its Attorneys,
                                   BOYNTON, WALDRON, DOLEAC,
                                   WOODMAN & SCOTT, P.A.

Dated: _January 10, 2012_  By: _____
                                   William G. Scott, NH Bar #2287
                                   82 Court Street - P.O. Box 418
                                   Portsmouth, NH 03802-0418
                                   603/436-4010

A TRUE COPY, ATTEST:

STRAFFORD SUPERIOR COURT CLERK
DATE: 2/27/12 - kpc

3

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH

Strafford Superior Court
259 County Farm Rd./PO Box 799
Dover NH  03821-0799

Telephone: (603) 742-3065
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## ORDER OF NOTICE ON COMPLAINT
### PAD Rule 1*

Case Name:     **Felicia Wachowiak, et al v School Adminstrative Unit #61**
Case Number:   **219-2011-CV-00642**

A lawsuit has been filed against School Adminstrative Unit #61 in this Court. A copy of the complaint is attached.

## The Court ORDERS that ON OR BEFORE:

February 13, 2012
Felicia Wachowiak; Mark Wachowiak shall have this Order of Notice and the attached Complaint served upon School Adminstrative Unit #61 by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law.

February 20, 2012
Felicia Wachowiak; Mark Wachowiak shall file the returns of service with this Court. Failure to do so may result in this action being discontinued without further notice.

30 days after Defendant is served
School Adminstrative Unit #61 must file a written appearance form and written answer or other responsive pleading form with this Court.   A copy of the answer and/or responsive pleading must be sent to the party listed below and any other party who has filed an appearance in this matter.

**Notice to School Adminstrative Unit #61:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
Daniel J. Harkinson, ESQ

Harkinson Law Office
PO Box 67
Rochester NH  03866-0067

BY ORDER OF THE COURT

December 30, 2011

Julie W. Howard
Clerk of Court

(273)

*The PAD rules were adopted by the New Hampshire Supreme Court on a temporary basis by order dated April 6, 2010. The rules are posted on the court's website at http://www.courts.state.nh.us/supreme/orders/04-06-2010-Order-adopting-PAD-Pilot-Project-Rules.pdf and are also available for viewing at the Strafford and Carroll County Superior Court Clerks' offices.

NHJB-2678-S (08/18/2010)

THE STATE OF NEW HAMPSHIRE
JUDICIAL BRANCH

SUPERIOR COURT                                          STRAFFORD COUNTY

FELICIA WACHOWIAK AND MARK WACHOWIAK
v.
SCHOOL ADMINISTRATIVE UNIT #61

# COMPLAINT

## PARTIES

1.   Plaintiff Mark Wachowiak is the father of Plaintiff Felicia Wachowiak.

2.   Plaintiff Felicia Wachowiak is now an adult, with a date of birth of 18 October 1993.

3.   Both Plaintiffs reside in Milton, New Hampshire.

4.   School Administrative Unit 61 (SAU 61) is the School Administrative Unit organized
     pursuant to N.H. RSA 194-C, serving the towns of Farmington, New Hampshire and
     Middleton, New Hampshire.

## BACKGROUND

5.   Plaintiff Mark Wachowiak was divorced in 1998 from Julie A. Wachowiak (now
     Hampson, and hereinafter referred to as Julie Hampson), mother of Felicia Wachowiak.

6.   On 7 August 1998 the Strafford County Superior Court issued a Final Decree of Divorce,
     under which said Julie Hampson had physical custody of Plaintiff Felicia Wachowiak.

7.   As of the beginning of school year 2009-2010 Julie Hampson lived in Middleton, New
     Hampshire.

8.   Public high school students living in Middleton attend Farmington High School.

9.   Plaintiff Felicia Wachowiak was a student enrolled at SAU 61's Farmington High School
     for school year 2009-2010.  Said enrollment continued into school year 2010-2011.

10.  Plaintiff Mark Wachowiak has lived in Milton, New Hampshire at all times relevant to
     this action.

11.  Given Plaintiff Felcia Wachowiak's age, her parents agreed in 2009 that she would be
     allowed to decide in which parent's home she would sleep on any particular night.

12.  Although the 1998 Divorce Decree calling for Julie Hampson to have physical custody of
     Plaintiff Felicia Wachowiak remained in full force and effect as of the start of the 2010-

2011 school year, Plaintiffs informed Farmington High School at the beginning of that school year that Plaintiff Felicia Wachowiak's permanent address was with Plaintiff Mark Wachowiak at 204 St. James Avenue, in Milton, New Hampshire.

13.   Plaintiff Felicia Wachowiak was a member of Farmington High School's 2010 Varsity Volleyball Team.  Plaintiffs recall that when she began participating in that activity, the permission slip submitted by Plaintiff Mark Wachowiak again listed his Milton home address as Plaintiff Felicia Wachowiak's residential address.

14.   Plaintiff Felicia Wachowiak participated in the volleyball team's regular season schedule, and was an outstanding member of that team.

15.   The Farmington volleyball team qualified for the New Hampshire Interscholastic Athletic Association (NHIAA) volleyball tournament, and was scheduled for their first tournament match on 28 October 2011.

16.   Approximately four hours before the 28 October 2011 volleyball match was scheduled to start, Farmington High School Principal James O'Rourke informed Plaintiff Felicia Wachowiak that because of her "living arrangements" she was ineligible to play on the volleyball team.

17.   As of 28 October 2010 Julie Hampson remained a resident of Middleton, New Hampshire, and had not established a residence elsewhere.

18.   Given the facts stated above, as of 28 October 2010 Plaintiff Felicia Wachowiak remained eligible to attend school at Farmington High School, in SAU 61, pursuant to N.H. RSA 193:12II(a)(2).

19.   Because of the actions of Principal O'Rourke and other agents and employees of SAU 61, each acting in his capacity as an official or employee of the SAU, Plaintiff Felicia Wachowiak was deprived of the opportunity to play in the 2010 NHIAA volleyball tournament.

20.   Farmington High School volleyball coach Jenn Kuehl publicly stated and informed a reporter for *Foster's Daily Democrat that*  Plaintiff Felicia Wachowiak "wasn't allowed to play [in the playoff game] because of a school issue," a statement reported in said newspaper on 29 October 2010.

21.   Effective 1 November 2010 Plaintiff Mark Wachowiak, with the consent of Julie Hampson, arranged for a transfer of school enrollment for Felicia Wachowiak to Nute High School, the public high school in Milton, New Hampshire.

FELICIA WACHOWIAK, AND MARK WACHOWIAK V. SCHOOL ADMINISTRATIVE UNIT #61
COMPLAINT, P. 3

22.   Plaintiff Felicia Wachowiak then attempted to join the Nute High School Girls Basketball team.  She was initially unable to do so because of actions of and allegations by both officials of SAU 61 and the NHIAA.

23.   Plaintiff Mark Wachowiak then spent extensive time, as a father, contacting the officials of Nute High School, SAU 61, Farmington High School, and the NHIAA, attempting to have the appropriate officials agree that his daughter was eligible to play for the Nute High School Girls Basketball team in school year 2010-2011.

24.   When his personal efforts proved unsuccessful, Plaintiff Mark Wachowiak retained counsel, and filed suit against the NHIAA to obtain a court order allowing his daughter to play basketball for Nute High School in school year 2010-2011.  Those efforts ultimately resulted in the NHIAA agreeing to Plaintiff Felicia Wachowiak's eligibility for the 2010-2011 basketball season as a member of the Nute High School team.

CAUSE OF ACTION:  WRONGFUL DENIAL OF OPPORTUNITY
TO PLAY INTERSCHOLASTIC SPORTS

25.   The agents and employees of SAU 61 incorrectly determined as of 28 October 2010 that Plaintiff Felicia Wachowiak was ineligible to attend school at Farmington High School, and therefore ineligible to play on its volleyball team, and prevented her from continuing to play on that team.

26.   Agents and employees of SAU 61 unreasonably and unlawfully failed to cooperate with efforts by Plaintiff Felicia Wachowiak to play basketball for Nute High School in 2010-2011, until forced to do so through litigation..

27.   As a result of said conduct by the agents and employees of SAU 61, Plaintiff Felicia Wachowiak was wrongly denied the opportunity to play in the 2010 NHIAA Volleyball tournament, and was wrongfully deprived the opportunity to play basketball during the first portion of the 2010-2011 season.

28.   Plaintiff Felicia Wachowiak has irreparably and permanently lost such opportunities, and has endured great mental pain and suffering, and public humiliation, as a result of the said conduct of the agents and employees of SAU 61.

29.   ALL TO PLAINTIFF FELICIA WACHOWIAK'S damage in an amount within the jurisdictional limits of this court.

FELICIA WACHOWIAK, AND MARK WACHOWIAK V. SCHOOL ADMINISTRATIVE UNIT #61
COMPLAINT, P. 4

## CAUSE OF ACTION: INVASION OF PRIVACY-FALSE LIGHT

30.   The agents and employees of SAU 61 incorrectly determined as of 28 October 2010 that Plaintiff Felicia Wachowiak was ineligible to attend school at Farmington High School, and therefore ineligible to play on its volleyball team.

31.   The agents and employees of SAU 61 incorrectly informed the public that Plaintiff Felicia Wachowiak had been suspended from Farmington High School's volleyball team because of a "school issue," when in fact her suspension was because of errors by SAU 61 agents and employees.

32.   Said conduct by the agents and employees of SAU 61 wrongly placed Plaintiff Felicia Wachowiak in a false light in the public eye.

33.   Plaintiff Felicia Wachowiak has endured great mental pain and suffering, and public humiliation, as a result of the said conduct of the agents and employees of SAU 61.

ALL TO PLAINTIFF FELICIA WACHOWIAK'S damage in an amount within the jurisdictional limits of this court.

## CAUSE OF ACTION: DEFAMATION

34.   The agents and employees of SAU 61 incorrectly determined as of 28 October 2010 that Plaintiff Felicia Wachowiak was ineligible to attend school at Farmington High School, and therefore ineligible to play on its volleyball team.

35.   The agents and employees of SAU 61 incorrectly informed the public that Plaintiff Felicia Wachowiak had been suspended from Farmington High School's volleyball team because of a "school issue," when in fact her suspension was because of errors by SAU 61 agents and employees.

36.   Said conduct by the agents and employees of SAU 61 wrongly damaged the reputation of Plaintiff Felicia Wachowiak.

37.   Plaintiff Felicia Wachowiak has endured great mental pain and suffering, and public humiliation, as a result of the said conduct of the agents and employees of SAU 61.

ALL TO PLAINTIFF FELICIA WACHOWIAK'S damage in an amount within the jurisdictional limits of this court.

FELICIA WACHOWIAK, AND MARK WACHOWIAK V. SCHOOL ADMINISTRATIVE UNIT #61
COMPLAINT, P. 5

CAUSE OF ACTION:  RECOVERY OF LEGAL FEES

38.   On 28 October 2010 agents and employees of SAU 61 incorrectly concluded that
Plaintiff Felicia Wachowiak was ineligible to play volleyball for Farmington High
School.

39.   Agents and employees of SAU 61unreasonably and unlawfully failed to cooperate with
efforts by Plaintiff Felicia Wachowiak to play basketball for Nute High School in 2010-
2011, until forced to do so through litigation.

40.   The conduct by agents and employees of SAU 61 alleged in paragraphs 37 and 38 was all
within their official capacities as agents and employees.

41.   The conduct by agents and employees of SAU 61 alleged in paragraphs 37 and 38 was
unreasonable, vexatious, oppressive, and in bad faith.

42.   Plaintiff Felicia Wachowiak had a property and or liberty interest to play interscholastic
sports, secured by both the United States Constitution, Amendment 14, and the New
Hampshire Constitution, Part 1, Article 14 and Article 15, and was entitled to due process
of law before deprivation of those interests.

43.   SAU 61, through its agents and employees, afforded Plaintiff Felicia Wachowiak no
process in summarily declaring her ineligible to play volleyball on 28 October 2011, and
in refusing to cooperate with her efforts to play basketball for Nute High School.

44.   At the time of all events described above Felicia Wachowiak was a minor, and Plaintiff
Mark Wachowiak as her father attempted to assist her in establishing her rights by both
personally speaking with agents and employees of SAU 61 and by retaining counsel to
represent her to establish her rights.

45.   Plaintiff Mark Wachowiak has lost substantial income and incurred substantial legal
expenses to obtain injunctive relief against the NHIAA, thereby securing Plaintiff Felicia
Wachowiak's right to play basketball for Nute High School for a portion of the 2010-
2011 season, including legal fees and expenses associated with this action.

46.   "Where an individual is forced to seek judicial assistance to secure a clearly defined and
established right, which should have been freely enjoyed without such intervention, an
award of counsel fees on the basis of bad faith is appropriate. This principle ... merely
shifts the cost of what should have been an unnecessary judicial proceeding to the
responsible party...." *Harkeem v. Adams*, 117 N.H. 687, 691 (1977).


ALL TO PLAINTIFF MARK WACHOWIAK'S DAMAGE in an amount within the
jurisdictional limits of the Court.

FELICIA WACHOWIAK, AND MARK WACHOWIAK V. SCHOOL ADMINISTRATIVE UNIT #61
COMPLAINT, P. 6

_____
Felicia Wachowiak, Plaintiff                    Mark Wachowiak, Plaintiff

STATE OF NEW HAMPSHIRE

STRAFFORD COUNTY

    Appeared before me, the undersigned office, the above-named Felicia Wachowiak and
Mark Wachowiak, each of whom took oath that the facts alleged above are true to the best of her
or his knowledge and belief.

_____
Justice of the Peace/Notary Public

_____
Attorney Daniel J. Harkinson
NH Bar ID# 1095
PO Box 67
Rochester, NH  03866-0067
603-822-0239
PLAINTIFFS' COUNSEL

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH

Strafford Superior Court
259 County Farm Rd./PO Box 799
Dover NH  03821-0799

Telephone: (603) 742-3065
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## ORDER OF NOTICE ON COMPLAINT
### PAD Rule 1*

Case Name:     **Felicia Wachowiak, et al v School Adminstrative Unit #61**
Case Number:   **219-2011-CV-00642**

A lawsuit has been filed against School Adminstrative Unit #61 in this Court. A copy of the complaint is attached.

## The Court ORDERS that ON OR BEFORE:

February 13, 2012
Felicia Wachowiak; Mark Wachowiak shall have this Order of Notice and the attached Complaint served upon School Adminstrative Unit #61 by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law.

February 20, 2012
Felicia Wachowiak; Mark Wachowiak shall file the returns of service with this Court. Failure to do so may result in this action being discontinued without further notice.

30 days after Defendant is served
School Adminstrative Unit #61 must file a written appearance form and written answer or other responsive pleading form with this Court.   A copy of the answer and/or responsive pleading must be sent to the party listed below and any other party who has filed an appearance in this matter.

**Notice to School Adminstrative Unit #61:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
Daniel J. Harkinson, ESQ

Harkinson Law Office
PO Box 67
Rochester NH  03866-0067

BY ORDER OF THE COURT

December 30, 2011

Julie W. Howard
Clerk of Court

A TRUE COPY, ATTEST:

_John W. Howard_

STRAFFORD SUPERIOR COURT CLERK
DATE: 2/27/12-kpx

(273)

*The PAD rules were adopted by the New Hampshire Supreme Court on a temporary basis by order dated April 6, 2010. The rules are posted on the court's website at http://www.courts.state.nh.us/supreme/orders/04-06-2010-Order-adopting-PAD-Pilot-Project-Rules.pdf and are also available for viewing at the Strafford and Carroll County Superior Court Clerks' off

NHJB-2678-S (08/18/2010)

THE STATE OF NEW HAMPSHIRE
JUDICIAL BRANCH

SUPERIOR COURT

STRAFFORD COUNTY

FELICIA WACHOWIAK AND MARK WACHOWIAK
V.
SCHOOL ADMINISTRATIVE UNIT #61

# COMPLAINT

### PARTIES

1.  Plaintiff Mark Wachowiak is the father of Plaintiff Felicia Wachowiak.

2.  Plaintiff Felicia Wachowiak is now an adult, with a date of birth of 18 October 1993.

3.  Both Plaintiffs reside in Milton, New Hampshire.

4.  School Administrative Unit 61 (SAU 61) is the School Administrative Unit organized pursuant to N.H. RSA 194-C, serving the towns of Farmington, New Hampshire and Middleton, New Hampshire.

### BACKGROUND

5.  Plaintiff Mark Wachowiak was divorced in 1998 from Julie A. Wachowiak (now Hampson, and hereinafter referred to as Julie Hampson), mother of Felicia Wachowiak.

6.  On 7 August 1998 the Strafford County Superior Court issued a Final Decree of Divorce, under which said Julie Hampson had physical custody of Plaintiff Felicia Wachowiak.

7.  As of the beginning of school year 2009-2010 Julie Hampson lived in Middleton, New Hampshire.

8.  Public high school students living in Middleton attend Farmington High School.

9.  Plaintiff Felicia Wachowiak was a student enrolled at SAU 61's Farmington High School for school year 2009-2010.  Said enrollment continued into school year 2010-2011.

10.  Plaintiff Mark Wachowiak has lived in Milton, New Hampshire at all times relevant to this action.

11.  Given Plaintiff Felcia Wachowiak's age, her parents agreed in 2009 that she would be allowed to decide in which parent's home she would sleep on any particular night.

12.  Although the 1998 Divorce Decree calling for Julie Hampson to have physical custody of Plaintiff Felicia Wachowiak remained in full force and effect as of the start of the 2010-

A TRUE COPY, ATTEST:

*Julie Milford*

STRAFFORD SUPERIOR COURT CLERK
DATE: 2/27/12 -kpc

2011 school year, Plaintiffs informed Farmington High School at the beginning of that
school year that Plaintiff Felicia Wachowiak's permanent address was with Plaintiff
Mark Wachowiak at 204 St. James Avenue, in Milton, New Hampshire.

13. Plaintiff Felicia Wachowiak was a member of Farmington High School's 2010 Varsity
Volleyball Team. Plaintiffs recall that when she began participating in that activity, the
permission slip submitted by Plaintiff Mark Wachowiak again listed his Milton home
address as Plaintiff Felicia Wachowiak's residential address.

14. Plaintiff Felicia Wachowiak participated in the volleyball team's regular season schedule,
and was an outstanding member of that team.

15. The Farmington volleyball team qualified for the New Hampshire Interscholastic Athletic
Association (NHIAA) volleyball tournament, and was scheduled for their first
tournament match on 28 October 2011.

16. Approximately four hours before the 28 October 2011 volleyball match was scheduled to
start, Farmington High School Principal James O'Rourke informed Plaintiff Felicia
Wachowiak that because of her "living arrangements" she was ineligible to play on the
volleyball team.

17. As of 28 October 2010 Julie Hampson remained a resident of Middleton, New
Hampshire, and had not established a residence elsewhere.

18. Given the facts stated above, as of 28 October 2010 Plaintiff Felicia Wachowiak
remained eligible to attend school at Farmington High School, in SAU 61, pursuant to
N.H. RSA 193:12II(a)(2).

19. Because of the actions of Principal O'Rourke and other agents and employees of SAU
61, each acting in his capacity as an official or employee of the SAU, Plaintiff Felicia
Wachowiak was deprived of the opportunity to play in the 2010 NHIAA volleyball
tournament.

20. Farmington High School volleyball coach Jenn Kuehl publicly stated and informed a
reporter for *Foster's Daily Democrat that* Plaintiff Felicia Wachowiak "wasn't allowed
to play [in the playoff game] because of a school issue," a statement reported in said
newspaper on 29 October 2010.

21. Effective 1 November 2010 Plaintiff Mark Wachowiak, with the consent of Julie
Hampson, arranged for a transfer of school enrollment for Felicia Wachowiak to Nute
High School, the public high school in Milton, New Hampshire.

FELICIA WACHOWIAK, AND MARK WACHOWIAK V. SCHOOL ADMINISTRATIVE UNIT #61
COMPLAINT, P. 3

22.   Plaintiff Felicia Wachowiak then attempted to join the Nute High School Girls Basketball
team.  She was initially unable to do so because of actions of and allegations by both
officials of SAU 61 and the NHIAA.

23.   Plaintiff Mark Wachowiak then spent extensive time, as a father, contacting the officials
of Nute High School, SAU 61, Farmington High School, and the NHIAA, attempting to
have the appropriate officials agree that his daughter was eligible to play for the Nute
High School Girls Basketball team in school year 2010-2011.

24.   When his personal efforts proved unsuccessful, Plaintiff Mark Wachowiak retained
counsel, and filed suit against the NHIAA to obtain a court order allowing his daughter to
play basketball for Nute High School in school year 2010-2011.  Those efforts ultimately
resulted in the NHIAA agreeing to Plaintiff Felicia Wachowiak's eligibility for the 2010-
2011 basketball season as a member of the Nute High School team.

CAUSE OF ACTION:  WRONGFUL DENIAL OF OPPORTUNITY
TO PLAY INTERSCHOLASTIC SPORTS

25.   The agents and employees of SAU 61incorrectly determined as of 28 October 2010 that
Plaintiff Felicia Wachowiak was ineligible to attend school at Farmington High School,
and therefore ineligible to play on its volleyball team, and prevented her from continuing
to play on that team.

26.   Agents and employees of SAU 61unreasonably and unlawfully failed to cooperate with
efforts by Plaintiff Felicia Wachowiak to play basketball for Nute High School in 2010-
2011, until forced to do so through litigation..

27.   As a result of said conduct by the agents and employees of SAU 61, Plaintiff Felicia
Wachowiak was wrongly denied the opportunity to play in the 2010 NHIAA Volleyball
tournament, and was wrongfully deprived the opportunity to play basketball during the
first portion of the 2010-2011 season.

28.   Plaintiff Felicia Wachowiak has irreparably and permanently lost such opportunities, and
has endured great mental pain and suffering, and public humiliation, as a result of the
said conduct of the agents and employees of SAU 61.

29.   ALL TO PLAINTIFF FELICIA WACHOWIAK'S damage in an amount within the
jurisdictional limits of this court.

### CAUSE OF ACTION: INVASION OF PRIVACY-FALSE LIGHT

30. The agents and employees of SAU 61incorrectly determined as of 28 October 2010 that Plaintiff Felicia Wachowiak was ineligible to attend school at Farmington High School, and therefore ineligible to play on its volleyball team.

31. The agents and employees of SAU 61 incorrectly informed the public that Plaintiff Felicia Wachowiak had been suspended from Farmington High School's volleyball team because of a "school issue," when in fact her suspension was because of errors by SAU 61 agents and employees.

32. Said conduct by the agents and employees of SAU 61 wrongly placed Plaintiff Felicia Wachowiak in a false light in the public eye.

33. Plaintiff Felicia Wachowiak has endured great mental pain and suffering, and public humiliation, as a result of the said conduct of the agents and employees of SAU 61.

ALL TO PLAINTIFF FELICIA WACHOWIAK'S damage in an amount within the jurisdictional limits of this court.

### CAUSE OF ACTION: DEFAMATION

34. The agents and employees of SAU 61incorrectly determined as of 28 October 2010 that Plaintiff Felicia Wachowiak was ineligible to attend school at Farmington High School, and therefore ineligible to play on its volleyball team.

35. The agents and employees of SAU 61 incorrectly informed the public that Plaintiff Felicia Wachowiak had been suspended from Farmington High School's volleyball team because of a "school issue," when in fact her suspension was because of errors by SAU 61 agents and employees.

36. Said conduct by the agents and employees of SAU 61 wrongly damaged the reputation of Plaintiff Felicia Wachowiak.

37. Plaintiff Felicia Wachowiak has endured great mental pain and suffering, and public humiliation, as a result of the said conduct of the agents and employees of SAU 61.

ALL TO PLAINTIFF FELICIA WACHOWIAK'S damage in an amount within the jurisdictional limits of this court.

FELICIA WACHOWIAK, AND MARK WACHOWIAK V. SCHOOL ADMINISTRATIVE UNIT #61
COMPLAINT, P. 5

CAUSE OF ACTION: RECOVERY OF LEGAL FEES

38.   On 28 October 2010 agents and employees of SAU 61 incorrectly concluded that
Plaintiff Felicia Wachowiak was ineligible to play volleyball for Farmington High
School.

39.   Agents and employees of SAU 61 unreasonably and unlawfully failed to cooperate with
efforts by Plaintiff Felicia Wachowiak to play basketball for Nute High School in 2010-
2011, until forced to do so through litigation.

40.   The conduct by agents and employees of SAU 61 alleged in paragraphs 37 and 38 was all
within their official capacities as agents and employees.

41.   The conduct by agents and employees of SAU 61 alleged in paragraphs 37 and 38 was
unreasonable, vexatious, oppressive, and in bad faith.

42.   Plaintiff Felicia Wachowiak had a property and or liberty interest to play interscholastic
sports, secured by both the United States Constitution, Amendment 14, and the New
Hampshire Constitution, Part 1, Article 14 and Article 15, and was entitled to due process
of law before deprivation of those interests.

43.   SAU 61, through its agents and employees, afforded Plaintiff Felicia Wachowiak no
process in summarily declaring her ineligible to play volleyball on 28 October 2011, and
in refusing to cooperate with her efforts to play basketball for Nute High School.

44.   At the time of all events described above Felicia Wachowiak was a minor, and Plaintiff
Mark Wachowiak as her father attempted to assist her in establishing her rights by both
personally speaking with agents and employees of SAU 61 and by retaining counsel to
represent her to establish her rights.

45.   Plaintiff Mark Wachowiak has lost substantial income and incurred substantial legal
expenses to obtain injunctive relief against the NHIAA, thereby securing Plaintiff Felicia
Wachowiak's right to play basketball for Nute High School for a portion of the 2010-
2011 season, including legal fees and expenses associated with this action.

46.   "Where an individual is forced to seek judicial assistance to secure a clearly defined and
established right, which should have been freely enjoyed without such intervention, an
award of counsel fees on the basis of bad faith is appropriate. This principle ... merely
shifts the cost of what should have been an unnecessary judicial proceeding to the
responsible party...." *Harkeem v. Adams*, 117 N.H. 687, 691 (1977).

ALL TO PLAINTIFF MARK WACHOWIAK'S DAMAGE in an amount within the
jurisdictional limits of the Court.

**FELICIA WACHOWIAK, AND MARK WACHOWIAK V. SCHOOL ADMINISTRATIVE UNIT #61**
**COMPLAINT, P. 6**

_____
Felicia Wachowiak, Plaintiff

_____
Mark Wachowiak, Plaintiff

STATE OF NEW HAMPSHIRE

STRAFFORD COUNTY

    Appeared before me, the undersigned office, the above-named Felicia Wachowiak and Mark Wachowiak, each of whom took oath that the facts alleged above are true to the best of her or his knowledge and belief.

_____
Justice of the Peace/Notary Public

_____
Attorney Daniel J. Harkinson
NH Bar ID# 1095
PO Box 67
Rochester, NH  03866-0067
603-822-0239
PLAINTIFFS' COUNSEL